## WILLIAM FABENS *versus* THE MERCANTILE BANK.

As a general rule, if a bank receives a note for collection, it is bound to make a seasonable demand on the promisor, and, in case of dishonor, to give due notice thereof to the indorser.

If a note deposited in a bank for collection is payable, or the promisor resides, in another place, and no agreement is made in regard to compensation for collecting, and the bank seasonably transmits the note to a suitable bank in such other place, for collection, the former bank is not responsible to the owner of the note for the m s-feasance or negligence of the latter bank ; and it makes no difference, that the note was received by the former bank as collateral security.

*It seems,* that the owner, in such case, has his remedy against the bank guilty of the misfeasance or negligence.

THIS was an action on the case, and was submitted to the Court on the following agreed statement of facts.

On the 20th of October, 1837, Thomas Appleton delivered his promissory note for the sum of $443·55, to the defendants, in payment of a balance due to them. At the same time, a promissory note, made by K. F. Edgell of Philadelphia, for the sum of $331·88, dated at Philadelphia, July 14th, 1837, payable to S. D. Massey, or order, in six months, and indorsed in blank by him, was left with the defendants by the plaintiff, as collateral security, to be collected, and applied towards the payment of Appleton's note. On the 4th of January, 1838, the note of Edgell, which became due on the 17th, was sent by the defendants by mail to the Bank of the United States, to be collected, that being the only bank in Philadelphia employed by the defendants to make their collections ; but, although the note was duly received by that bank, it was not

presented to the maker for payment, till the 29th of that month, when payment was refused by him, and notice thereof given to the indorser, who was then in good credit. The plaintiff afterwards paid the expenses of the protest, &c. and received back the note, without making any complaint against the defendants, at that time.

It was agreed, that it was the usage of the banks in Massachusetts, to collect notes, the makers of which resided without the State, through some bank in the place of the maker's residence, if there were any bank in such place in good standing, and to transmit the notes to such bank for that purpose.

A notice has always been posted up in the Mercantile bank, " that the cashier may receive notes and bills of exchange for collection, for which neither the bank, nor any officer thereof shall be held accountable for any irregularity in notifying."

It was further agreed, at the hearing before the full Court, that the Bank of the United States was solvent and in good standing at the time when the note of Edgell was sent to them.

If the Court should be of opinion, that the plaintiff was entitled to recover, judgment was to be entered in his favor ; otherwise he was to become nonsuit.

*Perkins* and *Fabens*, for the plaintiff, cited Bayley on Bills, (2d Phil. & Sew. ed.) 250 and cases cited, 251 ; *Smedes* v. *Utica Bank*, 20 Johns. R. 372 ; *Cochran* v. *Wheeler*, 7 N. Hamp. R. 202 ; *Mechanics Bank* v. *Earp*, 4 Rawle, 384.

*Ward*, for the defendants, cited *Allen* v. *Merchants Bank*, 15 Wendell, 482 ; *Bank. of Washington* v. *Triplett*, 1 Peters, 25.

SHAW C. J. afterward drew up the opinion of the Court. The plaintiff seeks to recover damages, in an action of the case, on the ground, that the defendants are chargeable with negligence, in respect to a note which he left with them for collection.

We think this question must depend upon the general usage and custom of merchants and bankers, and the implied obligations upon the latter, resulting from their relations, as no special contract was made, and no special instruction given in the present case. We think it very clear upon principle and au thority, that by a general usage, now so well understood as

Fabens
*v.*
Mercantile
Bank.

Jan. 17th.
1840,
at Boston

safely to be considered a rule of law, when a bank receives a note for collection, it is bound to use reasonable skill and diligence in making the collection, and for that purpose is. bound to make a seasonable demand on the promisor, and, in case of dishonor, to give due notice to the indorsers. so that the security of the holder shall not be lost or essentially impaired by the discharge of indorsers. How far this liability may be modified by agreement or by general or special notice, is a subject of distinct consideration. *Smedes* v. *Utica Bank*, 20 Johns. R. 372 ; *Mechanics Bank* v. *Earp*, 4 Rawle, 384. But it is equally well settled, that when a note is deposited with a bank for collection, which is payable at another place, the whole duty of the bank so receiving the note in the first instance, is seasonably to transmit the same to a suitable bank or other agent at the place of payment. And as a part of the same doctrine, it is well settled, that if the acceptor of a bill or promisor of a note, has his residence in another place, it shall be presumed to have been intended and understood between the depositor for collection and the bank, that it was to be transmitted to the place of the residence of the promisor, and the same rule shall then apply, as if on the face of the note, it was payable at that place. *Bank of Washington* v. *Triplett*, 1 Peters, 25 ; *Allen* v. *Merchants Bank*, 15 Wendell, 482 ; *Jackson* v. *Union Bank*, 4 Harris & Johns. 146 ; *Lawrence* v. *Stonington Bank*, 6 Connect. R. 528. In the present case, it was known at the time of the indorsement of the note, that the promisor lived in Philadelphia, and of course, that the note must be sent there for collection. We are therefore of opinion, that the defendants had performed their duty, when they transmitted the note to a solvent bank in good standing, and were not responsible for the misfeasance or negligence of that bank.

We cannot perceive, that it makes any difference, in respect to the defendants' liability, that this note was received as collateral security. The general property was still in the plaintiff. It was to be collected for him. It was a power coupled with an interest, and therefore could not be revoked. But it was only on the contingency of being collected, that this note

or its proceeds, were to be applied to the payment of Apple-
ton's note. Until then the whole beneficial interest was in the
plaintiff. And so the plaintiff himself understood it, by paying
the fees and taking it up. According to the decision in *Bank
of Washington* v. *Neal,* above cited, the plaintiff will have his
remedy against the *Bank of the United States,* if his loss is im-
putable to their negligence.